UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL DOMINIC WOODFORD,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN WALDEN, *et al.*,<br><br>Defendants. | Case No. 24-10062<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF NO. 21) AND DIRECTING THE U.S. MARSHAL SERVICE TO SERVE DEFENDANT WALDEN**

Plaintiff Darryl Dominic Woodford, a prisoner proceeding pro se and in forma pauperis, sues Michigan State Police Detective Sergeant Jonathan Walden and FBI Special Agent Raymond Nichols for violating his Fourth Amendment rights when they executed a search warrant. ECF No. 1. The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 13. The Court here addresses both Woodford's motion for appointment of counsel, ECF No. 21, and orders the United States Marshal Service (USMS) to use reasonable efforts to find Walden and serve him with the summons and complaint.

## A.

Woodford moves for appointment of counsel. ECF No. 21. Under 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id*. at 606. Appointment of counsel under § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me. 2007). Thus, courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." *Lavado*, 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the type of case involved, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Because of the consideration addressing the plaintiff's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive

motions." *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

Having reviewed Woodford's complaint and case filings to this point, the Court finds that he has not shown that exceptional circumstances warrant the appointment of counsel at this juncture. In his motion, Woodford alleges that he has limited education and knowledge of the law, the issues are complex, and he has limited access to the law library due to his status in protective custody. ECF No. 21, PageID.69-70.

These typical arguments do not show that exceptional circumstances warrant the appointment of counsel. And it is too early to assess the likelihood of success of Woodford's claims because his complaint has yet to be tested by a dispositive motion under Federal Rules of Civil Procedure 12(b)(6) or 56. Thus, Woodford's motion to appoint counsel, ECF No. 21, is **DENIED WITHOUT PREJUDICE**.

B.

The Court now turns to the USMS's unsuccessful effort to serve Walden. When a plaintiff proceeds in forma pauperis, "the officers of the court shall issue and serve all process," and the Marshal Service has a duty to make reasonable efforts to serve defendants. 28 U.S.C. § 1915(d) (cleaned up); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 939-41

3

(E.D. Mich. 2004).  Here, Judge Goldsmith granted Woodford's motion to proceed in forma pauperis and to have the USMS serve defendants.  ECF No. 6; ECF No. 7.  Summons were issued, and Woodford provided addresses for defendants.  ECF No. 11; ECF No. 12; ECF No. 14.  And in March 2024, the USMS acknowledged receiving the completed summons for both Nichols and Walden.  ECF No. 15, PageID.50-54.  Soon after, a certificate of service was returned executed for Nichols.  ECF No. 16.

But a later docket entry indicates that the summons for Nichols was returned unexecuted.  ECF No. 19.  At first glance, the docket includes no information about whether the summons was served on Walden.  But a closer look at ECF No. 19 reveals a mix-up.  The summons in that filing was directed to Nichols, but the address label underneath the "return to sender" sticker on the envelope says, "Jonathan Walden Detective Sergeant."  *Id.*, PageID.62.  Thus, the USMS mistakenly placed a summons for Nichols in an envelope directed to Walden.

Another reason why Walden was not served is because the USMS sent the summons to the Michigan State Police, who would not sign the certificate for service.  *Id.*  And the USMS has not exhausted the required reasonable efforts to try to find and serve Walden.  *See Johnson v. Herren*, No. 2:13-CV-583, 2013 WL 6410447, at *2–4 (S.D. Ohio Dec. 9, 2013); *Johnson v. Chambers-Smith*, No. 2:22-CV-02455, 2024 WL 415495, at *4

4

(S.D. Ohio Feb. 5, 2024).  Reasonable efforts include searching the defendant through public internet sites and attempting personal service.  *Id.*

The Court **ORDERS** the USMS to make reasonable efforts to find Walden and serve him with a summons and a copy of the complaint by **July 19, 2024**.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 14, 2024

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 14, 2024.

5

s/Donald Peruski
DONALD PERUSKI
Case Manager