UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL DOMINIC WOODFORD,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN WALDEN, *et al.*,<br><br>Defendants. | Case No. 24-10062<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF NO. 20)**

  Plaintiff Darryl Dominic Woodford, a prisoner proceeding pro se and in forma pauperis, sues Michigan State Police Detective Sergeant Jonathan Walden and FBI Special Agent Raymond Nichols for violating his Fourth Amendment rights when they executed a search warrant. ECF No. 1. The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 13.

  Woodford moves for default judgment, arguing that he served defendants with the complaint but that they did not timely respond. ECF No. 20, PageID.64-65. But Woodford is mistaken; Walden has not yet been served with summons and complaint, as described in an order filed

on June 14, 2024 directing the United States Marshal Service to use reasonable efforts to find Walden and serve him.  ECF No. 22.

Even if Walden had been served, Woodford's motion for default judgment would lack merit.  First, under § 42 U.S.C. 1997e(g), "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other facility under section 1983" and "[n]o relief shall be granted to the plaintiff unless a reply has been filed."  Thus, "defendants have no obligation to reply to the complaint until ordered by the court."  *Stevenson v. MDOC*, No. 107-CV-213, 2007 WL 1202310, at *1 (W.D. Mich. Apr. 23, 2007).

What is more, under Federal Rule of Civil Procedure 55, Woodford would have to obtain an entry of default from the court clerk before the Court could entertain his motion for default judgment.  *See Johnson v. Elum*, No. 4:20-CV-12422, 2021 WL 6884739, at *2 (E.D. Mich. June 21, 2021); *Reed-Bey v. Pramstaller*, 607 F. App'x 445, 449 (6th Cir. 2015) ("The district court properly denied Reed–Bey's motion for default *judgment* against defendants Nzums and Ingram pursuant to Federal Rule of Civil Procedure 55(b), because Reed–Bey failed first to obtain an *entry* of default pursuant to Federal Rule of Civil Procedure 55(a).").  The clerk has entered no default against Walden or Nichols.

Thus, Woodford's motion, ECF No. 20, should be **DENIED**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: June 14, 2024

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

3

limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 14, 2024.

                                                s/Donald Peruski
                                                DONALD PERUSKI
                                                Case Manager