UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL DOMINIC WOODFORD,

    Plaintiff,                                          Case No. 24-10062

v.                                                        HON. MARK A. GOLDSMITH

JONATHAN WALDEN et al.,

    Defendants.
_____/

**OPINION & ORDER**
**(1) ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 31), (2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 32), (3) GRANTING DEFENDANT WALDEN'S MOTION TO DISMISS (Dkt. 27), AND (4) DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT NICHOLS**

The matter before the Court is the Report and Recommendation (R&R) of Magistrate Judge Elizabeth A. Stafford issued on January 13, 2025 (Dkt. 31). In the R&R, the magistrate judge recommends that Defendant Jonathan Walden's motion to dismiss (Dkt. 27) be granted. The R&R also recommends sua sponte dismissing the claims against the remaining Defendant, Raymond Nichols. Plaintiff Darryl Dominic Woodford filed timely objections to the R&R (Dkt. 32) and Walden filed a response to Woodford's objections (Dkt. 33). For the reasons that follow, the Court: (i) accepts the recommendations in the R&R, (ii) overrules Woodford's objections, (iii) grants Walden's motion to dismiss, (iv) dismisses the claims against Nichols, and (v) dismisses Woodford's complaint with prejudice.

## I. BACKGROUND

Woodford is a pretrial detainee of the Bureau of Prisons currently facing charges for production and attempted production of child pornography and possession of child pornography.

1

R&R at 1–2. He filed this civil action alleging that his Fourth Amendment rights were violated when Defendants Walden and Nichols searched his home on October 22, 2021. Compl. at PageID.5 (Dkt. 1). Woodford alleges that Walden and Nichols—with an invalid warrant—searched his residence, obtained his cell phone, and held his family at gunpoint. Id. He asserts that his physical belongings were destroyed during the search and that he suffered severe emotional distress. Id.

Woodford has already challenged the legality of the October 22 search in his active criminal proceeding. There, he filed a motion to suppress evidence discovered from the search, which the Court denied. See United States v. Woodford, No. 21-CR-20717, 2022 WL 16948819, at *1 (E.D. Mich. Nov. 15, 2022). The Court later denied Woodford's motion for reconsideration of that order. See United States v. Woodford, No. 21-CR-20717, 2023 WL 361778, at *1 (E.D. Mich. Jan. 23, 2023).

The magistrate judge recommends granting Walden's motion to dismiss because his claims are barred by collateral estoppel. R&R at 5–11. The magistrate judge recommends sua sponte dismissing the claims against Nichols for the same reason. Id. at 11–12. For the reasons that follow, the Court accepts the recommendations in the R&R.

## II. ANALYSIS

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified).

Woodford lists three objections to the R&R. In his first objection, he contends that the magistrate judge improperly rejected his argument that he was incompetent when his suppression motion was filed in his criminal proceeding. Obj. at 2–4 (citing R&R at 9). The magistrate judge found that Woodford "waived this issue because he fail[ed] to develop his argument that he was incompetent." R&R at 9. Woodford asserts that he developed his argument by citing to various filings in his criminal proceeding. Obj. at 2–4. But even if Woodford had not waived the issue, the magistrate judge noted that Woodford filed a motion for a competency hearing in his criminal proceeding, which the Court denied. R&R at 9 (citing United States v. Woodford, No. 21-cr-20717, Dkt. 99 (E.D. Mich. Nov. 26, 2024)). This was a sufficient explanation for the magistrate judge's finding that Woodford had a full and fair opportunity to litigate the issues in his criminal proceeding.

Next, Woodford objects to the magistrate judge's dismissal of his arguments regarding certain confidential informants. Obj. at 4 (citing R&R at 10–11). Woodford did not raise these arguments in his motion to suppress. The magistrate judge reasoned that the arguments should be dismissed because "they would interfere with [his] pending criminal prosecution." R&R at 10. The R&R cites relevant case law holding that "abstention applies when federal pretrial detainees challenge ongoing federal criminal proceedings through civil actions." Id. at 11 (citing Giles v. Garland, No. 2:24-cv-10332, 2024 WL 2138624, at *2 (E.D. Mich. May 13, 2024)). Woodford provides no case law to the contrary. He merely argues that "if Constitutional Rights were indeed violated, the Court must address those violations with a fair and just decision." Obj. at 4. But Woodford fails to recognize that, as the magistrate judge explained, "Woodford's claims may be addressed during his criminal proceedings, on appeal, or in a post-conviction collateral attack."

3

R&R at 11. The magistrate judge's ruling by no means precludes Woodford from pursuing his constitutional claims through other appropriate means.

Lastly, Woodford objects to the sua sponte dismissal of his claims against Nichols. Obj. at 5. He notes that Nichols failed to respond to the complaint and argues that counsel for Woodford cannot represent Nichols. Id. But this argument is misguided. The magistrate judge clearly explained that "courts must sua sponte dismiss a claim filed by a pro se prisoner if the claim (1) is frivolous, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief against a defendant who is immune from that relief." R&R at 11 (citing 28 U.S.C. § 1915A; In re Prison Litig. Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997)). Further, the magistrate judge cited case law holding that sua sponte dismissal is "especially warranted when the claims against non-appearing defendants are the same as those against appearing-defendants." Id. (citing Coleman v. Snyder, No. 17-11730, 2018 WL 4103364, at *2 (E.D. Mich. Aug. 29, 2018)). This does not mean that Walden's counsel "represents" Nichols as Woodford contends. It simply means that the arguments raised by Walden apply equally to Nichols as well. Sua sponte dismissal in this case is proper and efficient.

The Court overrules all of Woodford's objections.

### III. CONCLUSION

For the reasons stated above, the Court: (i) accepts the recommendations in the R&R, (ii) overrules Woodford's objections, (iii) grants Walden's motion to dismiss, (iv) dismisses the claims against Nichols, and (v) dismisses Woodford's complaint with prejudice.

SO ORDERED.

Dated: March 31, 2025  s/Mark A. Goldsmith
     Detroit, Michigan  MARK A. GOLDSMITH
                                                                           United States District Judge